UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CV-00536-BR

| | | |
|---|---|---|
| ELIZABETH "BETSY" J. WOLFENDEN, ) | | |
| Individually, and as Principal of LAW ) | | |
| OFFICES OF BETSY J. WOLFENDEN ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | ORDER | |
| ) | | |
| LUNSFORD LONG, et al., ) | | |
| ) | | |
| Defendants. ) | | |

This matter is before the court on several motions. All defendants have filed motions to dismiss. Plaintiff filed responses in opposition, and defendants replied. Plaintiff filed a motion for leave to file an amended complaint and a motion to remand this case to the state court. Defendants filed responses in opposition. These matters are ripe for disposition.

I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Elizabeth "Betsy" J. Wolfenden commenced this action against defendants on 22 October 2009 in Wake County, North Carolina Superior Court. The original complaint contained a 42 U.S.C. § 1983 claim against the North Carolina State Bar (State Bar) and related state law claims against the State Bar, three private attorneys (Long, Davis, and Peek), those attorneys' law firms, a state court judge (Buckner), and the State of North Carolina. Compl. ¶¶ 2-9, 87-101. Plaintiff's amended complaint was filed on 12 November 2009. Within the section containing the § 1983 claim, the amended complaint alleges:

> Defendants Long, Davis, Peek and Buckner maliciously instigated an anonymous claim of mental illness against plaintiff with The State Bar for the purpose of having her disbarred or put on disability status so that plaintiff could not serve as judge or continue to represent Ms. McManaway in her legal proceedings in which she alleged that Davis, Peek and Buckner engaged in misconduct.

Am. Compl. ¶ 88. Plaintiff served defendants with the amended complaint on 13 November 2009. (Am. Compl., Cert. Service.) On 11 December 2009, Buckner removed the case to this court pursuant to 28 U.S.C. § 1441 on the basis of the above-quoted allegation. Notice of Removal at 1, 2-3. His Notice of Removal states: "[t]he other named defendants do not object to removal." Id. ¶ 5.

Defendants filed motions to dismiss pursuant to Rule 12(b)(6) on 18 December 2009 and 22 December 2009. Plaintiff filed motions for an extension of time to file responses to the motions to dismiss, for leave to file an amended complaint, and to remand the cause to state court on 8 January 2010. Defendants thereafter filed responses and amended responses in opposition.

By order filed 18 February 2010, the court denied plaintiff's motion for an extension of time to file responses to defendants' motions to dismiss. Plaintiff subsequently filed responses in opposition to defendants' motions, to which defendants filed replies.

II. DISCUSSION

A. Motion to Remand

Plaintiff argues that the case should be remanded to state court on the grounds that: (1) "defendant North Carolina State Bar, defendant State of North Carolina and defendant Joseph M. Buckner was [sic] tardy as the 30-day removal period runs for all defendants from the date the first defendant is served"[1]; (2) the non-removing defendants "failed to file written joinders" in removal; and (3) defendants "failed to provide plaintiff with separate written notice as required by 28 U.S.C. § 1446(d)." Mot. Remand ¶¶ 5-7.

---

[1] While defendants the State Bar, State of North Carolina, and Buckner are all represented by the same counsel, only Buckner removed the case.

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a pending civil action from state court to federal court if the federal court has original jurisdiction over the plaintiff's claim. "The burden of establishing federal jurisdiction is placed upon the party seeking removal." Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). Because "removal jurisdiction raises significant federalism concerns, [the courts] must strictly construe removal jurisdiction." Id. (quoting Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 85 L. Ed. 1214, 61 S. Ct. 868 (1941)).

Title 28, United State Code, Section 1446 sets forth the procedure for removal of a case, such as this, authorized to be removed under § 1441. Lovern v. General Motors Corp., 121 F.3d 160, 161 (4th Cir. 1997). "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b). However,

> [i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading . . . from which it may first be ascertained that the case is one which is or has become removable . . . .

Id. (emphasis added). Further, § 1446(d) requires that "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties . . . ." 28 U.S.C. § 1446(d).

The Fourth Circuit Court of Appeals recently adopted "the last-served defendant rule." "[I]n cases involving multiple defendants, each defendant, once served with formal process, has thirty days to file a notice of removal pursuant to 28 U.S.C. § 1446(b) in which earlier-served

3

defendants may join regardless of whether they have previously filed a notice of removal."

Barbour v. Int'l Union, 594 F.3d 315, 326 (4th Cir. 2010). The Fourth Circuit has also held that

> only where an initial pleading reveals a ground for removal will the defendant be bound to file a notice of removal within 30 days. Where, however, such details are obscured or omitted, or indeed misstated, that circumstance makes the case "*stated* by the initial pleading" not removable, and the defendant will have 30 days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper to file its notice of removal, provided that, in diversity cases, no more than a year shall have passed from the date of the initial pleading.

Lovern, 121 F.3d at 162 (emphasis in original).

In the instant case, by way of the amended complaint, served 13 November 2009, plaintiff added an allegation concerning Buckner's involvement and arguably implicating his potential liability under § 1983. Buckner removed the case within 30 days thereof. Because his removal was timely, the other defendants were permitted to join in that removal.

Plaintiff next challenges removal because the other defendants did not file written joinder in Buckner's removal. Section 1446 permits "a defendant or defendants" to remove an appropriate action by filing a notice of removal. 28 U.S.C. § 1446(a). The phrase "a defendant or defendants" has consistently been held by courts to require the unanimity of multiple defendants for the purposes of removal. Brodar v. McKinney, 378 F. Supp. 2d 634, 636 (M.D.N.C. 2005). The First Circuit Court of Appeals has recognized:

> Although the unanimity requirement itself is well-settled, the various ways that it may be satisfied are less so. . . .
>   Consistent with this statute, a defendant may express its desire to remove by signing the notice of removal filed by co-defendants. But, the consensus among courts is that conduct less explicit than joining the notice will suffice.
>   Although a few courts have gone so far as to say that a defendant may orally consent to removal before the district court,

4

defendants may join regardless of whether they have previously filed a notice of removal."

Barbour v. Int'l Union, 594 F.3d 315, 326 (4th Cir. 2010). The Fourth Circuit has also held that

> only where an initial pleading reveals a ground for removal will the defendant be bound to file a notice of removal within 30 days. Where, however, such details are obscured or omitted, or indeed misstated, that circumstance makes the case "*stated* by the initial pleading" not removable, and the defendant will have 30 days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper to file its notice of removal, provided that, in diversity cases, no more than a year shall have passed from the date of the initial pleading.

Lovern, 121 F.3d at 162 (emphasis in original).

In the instant case, by way of the amended complaint, served 13 November 2009, plaintiff added an allegation concerning Buckner's involvement and arguably implicating his potential liability under § 1983. Buckner removed the case within 30 days thereof. Because his removal was timely, the other defendants were permitted to join in that removal.

Plaintiff next challenges removal because the other defendants did not file written joinder in Buckner's removal. Section 1446 permits "a defendant or defendants" to remove an appropriate action by filing a notice of removal. 28 U.S.C. § 1446(a). The phrase "a defendant or defendants" has consistently been held by courts to require the unanimity of multiple defendants for the purposes of removal. Brodar v. McKinney, 378 F. Supp. 2d 634, 636 (M.D.N.C. 2005). The First Circuit Court of Appeals has recognized:

> Although the unanimity requirement itself is well-settled, the various ways that it may be satisfied are less so. . . .
>   Consistent with this statute, a defendant may express its desire to remove by signing the notice of removal filed by co-defendants. But, the consensus among courts is that conduct less explicit than joining the notice will suffice.
>   Although a few courts have gone so far as to say that a defendant may orally consent to removal before the district court,

4

defendants may join regardless of whether they have previously filed a notice of removal."

Barbour v. Int'l Union, 594 F.3d 315, 326 (4th Cir. 2010). The Fourth Circuit has also held that

> only where an initial pleading reveals a ground for removal will the defendant be bound to file a notice of removal within 30 days. Where, however, such details are obscured or omitted, or indeed misstated, that circumstance makes the case "*stated* by the initial pleading" not removable, and the defendant will have 30 days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper to file its notice of removal, provided that, in diversity cases, no more than a year shall have passed from the date of the initial pleading.

Lovern, 121 F.3d at 162 (emphasis in original).

In the instant case, by way of the amended complaint, served 13 November 2009, plaintiff added an allegation concerning Buckner's involvement and arguably implicating his potential liability under § 1983. Buckner removed the case within 30 days thereof. Because his removal was timely, the other defendants were permitted to join in that removal.

Plaintiff next challenges removal because the other defendants did not file written joinder in Buckner's removal. Section 1446 permits "a defendant or defendants" to remove an appropriate action by filing a notice of removal. 28 U.S.C. § 1446(a). The phrase "a defendant or defendants" has consistently been held by courts to require the unanimity of multiple defendants for the purposes of removal. Brodar v. McKinney, 378 F. Supp. 2d 634, 636 (M.D.N.C. 2005). The First Circuit Court of Appeals has recognized:

> Although the unanimity requirement itself is well-settled, the various ways that it may be satisfied are less so. . . .
>     Consistent with this statute, a defendant may express its desire to remove by signing the notice of removal filed by co-defendants. But, the consensus among courts is that conduct less explicit than joining the notice will suffice.
>     Although a few courts have gone so far as to say that a defendant may orally consent to removal before the district court,

4

defendants may join regardless of whether they have previously filed a notice of removal."

Barbour v. Int'l Union, 594 F.3d 315, 326 (4th Cir. 2010). The Fourth Circuit has also held that

> only where an initial pleading reveals a ground for removal will the defendant be bound to file a notice of removal within 30 days. Where, however, such details are obscured or omitted, or indeed misstated, that circumstance makes the case "*stated* by the initial pleading" not removable, and the defendant will have 30 days from the revelation of grounds for removal in an amended pleading, motion, order, or other paper to file its notice of removal, provided that, in diversity cases, no more than a year shall have passed from the date of the initial pleading.

Lovern, 121 F.3d at 162 (emphasis in original).

In the instant case, by way of the amended complaint, served 13 November 2009, plaintiff added an allegation concerning Buckner's involvement and arguably implicating his potential liability under § 1983. Buckner removed the case within 30 days thereof. Because his removal was timely, the other defendants were permitted to join in that removal.

Plaintiff next challenges removal because the other defendants did not file written joinder in Buckner's removal. Section 1446 permits "a defendant or defendants" to remove an appropriate action by filing a notice of removal. 28 U.S.C. § 1446(a). The phrase "a defendant or defendants" has consistently been held by courts to require the unanimity of multiple defendants for the purposes of removal. Brodar v. McKinney, 378 F. Supp. 2d 634, 636 (M.D.N.C. 2005). The First Circuit Court of Appeals has recognized:

> Although the unanimity requirement itself is well-settled, the various ways that it may be satisfied are less so. . . .
>     Consistent with this statute, a defendant may express its desire to remove by signing the notice of removal filed by co-defendants. But, the consensus among courts is that conduct less explicit than joining the notice will suffice.
>     Although a few courts have gone so far as to say that a defendant may orally consent to removal before the district court,

4

Case 5:09-cv-00536-BR   Document 51   Filed 07/26/10   Page 4 of 17

>     courts typically require some type of writing that evinces
>     consent[.]
>         What *type* of writing will be satisfactory engenders yet
>     another divergence of opinion.

Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 76 (1st Cir. 2009) (citations omitted) (emphasis in original).

Some circuits hold that the removing party's representation in the notice of removal that the co-defendants consent to removal is sufficient, see Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1225 (9th Cir. 2009) ("[W]e conclude that the filing of a notice of removal can be effective without individual consent documents on behalf of each defendant. One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient."); Harper v. AutoAlliance Int'l, Inc., 392 F.3d 195, 201-02 (6th Cir. 2004), while others disagree, see Pritchett v. Cottrell, Inc., 512 F.3d 1057, 1062 (8th Cir. 2008) ("There must, however, be some timely filed written indication from each served defendant, or from some person with authority to act on the defendant's behalf, indicating that the defendant has actually consented to the removal." (quotation omitted)); Roe v. O'Donohue, 38 F.3d 298, 301 (7th Cir. 1994); Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262 n.11 (5th Cir. 1988). Although the Fourth Circuit has not spoken on the issue, the rule among the district courts in this Circuit is that each defendant must file a notice or some other document expressing consent to removal. See, e.g., Ammar's, Inc. v. Singlesource Roofing Corp., No. 5:10-cv-00023, 2010 WL 1961156, *4 (S.D. W. Va. May 17, 2010) (finding Creekmore v. Food Lion, Inc., 797 F. Supp. 505 (E.D. Va. 1992), persuasive and holding "[w]hile all defendants are not required to sign the same notice of removal, each consenting defendant must independently

5

and unambiguously file a notice, or other document, advising the court of that defendant's consent within the thirty-day period."); Martin Oil Co. v. Philadelphia Life Ins. Co., 827 F. Supp. 1236, 1237-38, 1239 (N.D. W. Va. 1993) (holding it is not sufficient for removing defendant to represent, without more, that counsel for other defendant consents). Here, the non-removing defendants did not file their own notices.

As noted, they have, however, filed motions to dismiss and oppose plaintiff's motion to remand. Whether such documents suffice to evidence defendants' unambiguous consent to removal is debatable. See Esposito, 590 F.3d at 76 ("Some courts have held that an answer by a defendant that is silent on removal may nevertheless establish consent, while other courts have reached the opposite conclusion. At least one court has held that a defendant's answer is insufficient to establish consent to removal even where it explicitly acknowledges the removal of the case to federal court." (citations omitted)); Harper, 392 F.3d at 202 (recognizing that defendant's answer, filed within removal period, which stated jurisdiction was proper in the district court was sufficient to satisfy rule of unanimity); Ammar's, at *5 (finding answer that was filed within five days of removal and that did "not contain any affirmative or unambiguous manifestations of consent to the removal" insufficient to serve as consent). However, even assuming they are, those documents were not filed within the thirty-day removal period, which ran– at the latest– from service of the amended complaint, or 13 November 2009. See Martin Oil, 827 F. Supp. at 1237-38 (finding defect in removal "cannot be cured after the thirty day removal period has passed"). But see Esposito, 590 F.3d at 77 (finding any defect in removal process was cured by defendant's opposition to plaintiff's remand motion which occurred prior to the entry of summary judgment); Harper, 393 F.3d at 202 (defendant's subsequent opposition

6

to motion to remand cured any defect in removal process).

Because all defendants did not timely and unambiguously manifest consent to removal, the court must remand this case.[2]

B.  Rule 12(b)(6) Motions to Dismiss

As an additional basis for remand, as discussed below, the court finds that plaintiff has failed to state a § 1983 claim and declines to exercises jurisdiction over the remaining, state law claims.

In reviewing a Rule 12(b)(6) motion to dismiss for "failure to state a claim upon which relief can be granted," a court assesses the factual and legal sufficiency of the complaint. In so doing, a court must "accept[] all well-pled facts as true and construe[] these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. __, 129 S. Ct. 1937, 1950-51, 173 L. Ed. 2d 868 (2009)). However, a court does not accept as true all legal conclusions in a complaint. Iqbal, 129 S. Ct. at 1949. In reviewing the legal sufficiency of a complaint, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement" will not constitute well-pled facts sufficient to survive a motion to dismiss under Rule 12(b)(6). Nemet, 591 F.3d at 255 (citation omitted). Furthermore, a complaint must state "a plausible claim for relief" in order to withstand a motion to dismiss, and a court must "draw on its judicial experience and common sense" in

---

[2]Plaintiff's final challenge to removal– that she was not provided separate written notice of removal– warrants little discussion. Section 1446 requires, "[p]romptly after the filing of [] notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties . . . ." 28 U.S.C. § 1446(d). As evidenced by the certificate of service attached to the Notice of Removal, Buckner served plaintiff by mail with the Notice of Removal on 11 December 2009.

assessing whether the complaint is legally sufficient. Iqbal, 129 S. Ct. at 1949-50 (citations omitted).

Title 42, United States Code, Section 1983, states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983 (2010). In order to state a claim under § 1983, "a plaintiff must aver that a person acting under color of state law deprived him of a constitutional right or a right conferred by a law of the United States." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 (4th Cir. W. Va. 2009) (citation omitted).

1. *Defendants Long, Davis, Peek, and their respective law firms*

Attorneys Long, Davis, and Peek are private citizens, a fact that plaintiff does not dispute.[3] An individual cannot seek relief under § 1983 for actions or conduct by private citizens unless the private citizen has "a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions" or "the state has so dominated such activity as to convert it to state action . . . ." DeBauche v. Trani, 191 F.3d 499,

---

[3]The Governor appointed Long as a district judge in August 2009. Am. Compl. ¶ 3. Although plaintiff seeks to have Long removed from this office, id. at 18, his acts of which she complains were undertaken prior to this appointment, see id. ¶ 115, and therefore, the court concludes he is a private citizen for purposes of the instant action.

8

506-07 (4th Cir. Va. 1999). In DeBauche, the Fourth Circuit acknowledged four instances in which a private citizen can be deemed a state actor, and thus incur liability under § 1983:

> "(1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen."

Id. at 507 (quoting Andrews v. Federal Home Loan Bank of Atlanta, 998 F.2d 214, 217 (4th Cir. 1993)). Absent one of these circumstances, private conduct cannot be deemed to be an action of the state. Id. at 507-08.

Specifically with respect to her § 1983 claim, plaintiff alleges that Long, Davis, and Peek "maliciously instigated an anonymous claim of mental illness against plaintiff with the State Bar for the purpose of having her disbarred or put on disability status so that plaintiff could not serve as judge or continue to represent" a client who had alleged misconduct on the part of Davis and Peek. Am. Compl. ¶ 88. It is significant to note that plaintiff does not contend these defendants themselves engaged in unconstitutional acts; rather, at their instigation, plaintiff avers, the State Bar prosecuted her and in the course of such prosecution *the State Bar* violated her constitutional rights. See id. §§ 89, 91, 96, 100, 101. Plaintiff does not allege that Long, Davis, or Peek jointly engaged in such conduct with the State Bar. Plaintiff simply has not pled any facts which would suggest these private actors are liable under any of the circumstances identified in DeBauche. Similarly, their respective law firms are not liable. See Austin v. Paramount Parks, Inc., 195 F.3d 715, 727-28 (4th Cir. 1999) (private corporation may not be held liable under § 1983 for

9

employees' acts based solely on a theory of *respondeat superior*). Accordingly, plaintiff has not stated a § 1983 against Long, Davis, Peek, and their law firms.

   2.   *Buckner in his Individual Capacity*

Plaintiff's allegations against Buckner concerning his potential liability under § 1983 are identical to those noted above with respect to Long, Davis, and Peek. See Am. Compl. ¶ 88. The only significance is Buckner serves as Chief District Court Judge, see id. ¶ 8, and thus is employed by the State of North Carolina and arguably acted under color of state law. To the extent plaintiff's claim under § 1983 could be based on functions Buckner performed as a judge, see id. ¶ 30 (e.g., delaying court hearings, refusing to enter orders), Buckner is absolutely immune from suit, see Mireles v. Waco, 502 U.S. 9, 11-12 (1991) ("judicial immunity is not overcome by allegations of bad faith or malice . . . .") (recognizing two instances in which a judicial officer is not immune from a civil suit: (1) the judges actions were "not taken in the judge's judicial capacity" and (2) "for actions, though judicial in nature, taken in the complete absence of all jurisdiction"). To the extent the claim is based on Buckner's reporting of plaintiff's perceived inability to practice law to the State Bar, (see Am. Compl. ¶ 88), such conduct could be considered a judicial function, for which, despite alleged malice, Buckner is absolutely immune under Mireles. On the other hand, such conduct could be considered conduct by any other citizen, except it happens to have been done by a person who is a judge. In such circumstances, Buckner's liability, if any, is analyzed no differently than that of private citizens, like Long, Davis, and Peek. Plaintiff has not alleged any facts to show that Buckner was otherwise acting under color of state law. Therefore, plaintiff fails to state a claim under § 1983 against Buckner in his individual capacity.

10

3. *Buckner in his Official Capacity, the North Carolina State Bar, and the State of North Carolina*

Plaintiff seeks monetary damages of all defendants. (See Am. Compl. at 18.) "[A] State is not a 'person' against whom a § 1983 claim for money damages might be asserted." Lapides v. Board of Regents, 535 U.S. 613, 617 (2002). This same rule applies to state agencies and officials acting in their official capacity. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). The State Bar is an agency of the State of North Carolina. N.C. Gen. Stat. § 84-15; Cunningham v. Selman, 689 S.E.2d 517, 525 (N.C. Ct. App. 2009). As such, plaintiff has failed to state a claim under § 1983 for monetary damages against Buckner in official capacity, the State Bar, and the State of North Carolina.

Plaintiff does, however, seek injunctive relief. She requests that the court permanently enjoin the State Bar from prosecuting her or, alternatively, enjoin the State Bar from prosecuting her until damages have been determined in this action. (Am. Compl. at 17-18.) To obtain such prospective relief against the State or one of its agencies under § 1983, plaintiff must sue the appropriate state official in his or her official capacity. See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993) (Ex Parte Young doctrine "has no application in suits against the States and their agencies, which are barred regardless of the relief sought"). Other than Buckner, who as a state judge has no direct relationship to the State Bar and its prosecutorial authority, plaintiff has not sued a state official, and therefore, her claim under § 1983 for injunctive relief fails.

C. Motion to Amend

After a responsive pleading is served or the initial amendment has been made, such as

11

here, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Notwithstanding this rule, a court can deny a motion to amend where such amendment would be futile. See Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 22 (1962) ("In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.– the leave sought should, as the rules require, be 'freely given.'") (internal citations omitted); see also Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980) ("While Foman's enumeration of factors cannot be thought exclusive, they do embody a principle which focuses on prejudice or futility or bad faith as the only legitimate concerns in denying leave to amend, since only these truly relate to protection of the judicial system or other litigants."). The futility of an amended claim turns on whether the amendment would survive a Rule 12(b)(6) motion to dismiss for failure to state a claim. Syngenta Crop Prot. v. United States EPA, 222 F.R.D. 271, 278 (M.D.N.C. 2004). However, the Fourth Circuit has held that "[l]eave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986) (citation omitted).

Plaintiff now seeks to leave to amend the complaint a second time to add three individual defendants whom plaintiff alleges are employees of the State Bar and were all signatories to a

12

complaint issued 23 April 2009 by the Disciplinary Hearing Commission of the State Bar.[4]  Mot. Am. ¶ 3.  Plaintiff apparently seeks add in these individuals, in their official capacities, to obtain injunctive relief on her § 1983 claim.[5]  See Pl.'s 3/15/10 Resp. at 5-7.  Plaintiff also asserts that these individuals "are liable to plaintiff in their individual capacities for plaintiff's § 1983 claim," in addition to plaintiff's state law claims.  Id. at 7-10.

A state official acting in an official capacity is a person within the meaning of 42 U.S.C. § 1983 "when sued for injunctive relief . . . because 'official-capacity actions for prospective relief are not treated as actions against the State.'"  Will v. Mich. Dep't of State Police, 491 U.S. at 71 n.10 (quoting Kentucky v. Graham, 473 U.S. 159, 167 (1985); Ex parte Young, 209 U.S. 123, 159-160 (1908)).  However, this principle is qualified by the abstention doctrine guiding federal court intervention in state court proceedings as articulated in the Supreme Court's decision in Younger v. Harris, 401 U.S. 37 (1971).[6]  See Joseph A. v. Ingram, 275 F.3d 1253, 1265 (10th Cir. 2002); Briggman v. Commonwealth, 526 F. Supp. 2d 590, 604 (W.D. Va. 2007).

> . . . Younger mandates that a federal court abstain from exercising jurisdiction and interfering with a state criminal proceeding if (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges.

Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006) (citations omitted).  The Younger

---

[4] Buckner, the State Bar, and the State of North Carolina state that only one of the individuals named by plaintiff, Carmen Bannon, is a current employee of the State Bar.  2/2/10 Am. Resp. at 2 n.1.  For purposes of the court's analysis, this contention is irrelevant.

[5] Plaintiff did not submit a brief in support of her motion for leave to amend nor a proposed amended complaint.  Plaintiff's response to the State Bar and the State of North Carolina's motion to dismiss presumes amendment of the complaint and the court references the response in analyzing whether amendment would be futile.

[6] A court may raise application of the Younger doctrine *sua sponte*. See Bellotti v. Baird, 428 U.S. 132, 143 n.10 (1976).

13

abstention doctrine may be disregarded

> only where (1) "there is a showing of bad faith or harassment by state officials responsible for the prosecution"; (2) "the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions"; or (3) "other extraordinary circumstances" exist that present a threat of immediate and irreparable harm.

Id. (quotation omitted). In this vein, the burden is on the plaintiff "'to overcome the bar of Younger abstention by setting forth more than mere allegations of bad faith or harassment.'" Gilbert v. N.C. State Bar, 660 F. Supp. 2d 636, 644 (E.D.N.C. 2009) (quoting Weitzel v. Div. of Occupational & Prof'l Licensing, 240 F.3d 871, 871 (10th Cir. 2001)).

The Supreme Court has recognized that the Younger doctrine is applicable to noncriminal judicial proceedings, such as state attorney disciplinary proceedings. See Middlesex Co. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432, 433-35 (1982). Furthermore, abstention has been found appropriate in an attorney's § 1983 action seeking injunctive relief against the State Bar and one of its prosecutors in his official capacity for an ongoing disciplinary proceeding. See Gilbert, 660 F. Supp. 2d at 643-47.

In this case, the court finds that all three elements of Younger are met. The state disciplinary proceeding against plaintiff was brought in April 2009, before commencement of this action. As far as the court is aware, that proceeding, 09 DHC 9, is ongoing.[7] Additionally, "the State of North Carolina has an important and substantial interest in prosecuting state

---

[7] The media has reported that the State Bar disbarred plaintiff. See, e.g. Jesse James Deconto, *Former Judicial Hopeful Disbarred*, The News & Observer (Raleigh), July 15, 2010, at 2B. However, the order of disbarment has not yet been entered, and that order will not be effective until 30 days after plaintiff has been served with it, see 27 N.C. Admin. Code 1B.0124(c). Therefore, the state disciplinary proceeding against plaintiff has not concluded.

attorney disciplinary actions." Gilbert, 660 F. Supp. 2d at 644 (citing, among other cases, Middlesex Co., 457 U.S. at 432-34). Finally, plaintiff can adjudicate her procedural due process claims, see Pl.'s 3/15/10 Resp. at 2-5, in the State Bar proceeding and through the North Carolina appellate courts, see Gilbert, 660 F. Supp. 2d at 645.

As far as whether an exception to abstention might apply, plaintiff alleges that the three individuals purportedly affiliated with the State Bar have "show[n] malicious and reckless indifference to plaintiff's constitutional rights[.]" Pl.'s 3/15/10 Resp. at 7. This possible constitutional claim is distinct from the bad faith or harassment exception to Younger. See Gilbert, 660 F. Supp. 2d at 647 (where attorney alleged that "the State Bar is engaged in a bad faith prosecution or a harassing prosecution in violation of the First and Fourteenth Amendment," the Younger exception is distinct from the defenses attorney asserts). Even if plaintiff could show vindictiveness or maliciousness in the State Bar's prosecution of her, she could raise the issue in the state appellate process. See id. at 646-47.

Because the court would abstain from interfering with the state disciplinary proceedings against plaintiff (and thus would dismiss the § 1983 claim for injunctive relief, id. at 647 ("When a federal court abstains under Younger, the ordinary course of action is to dismiss[.]")), plaintiff's motion for leave to amend to add the three individuals in their official capacity would be futile.

To the extent plaintiff seeks leave to assert a § 1983 claim against these individuals in their individual capacities, amendment would be futile based on these individuals' immunity from suit. The individuals, as Chair of the State Bar Grievance Committee (Fox) and as deputies counsel for the State Bar (Bannon and Donahue), Pl.'s 3/15/10 Resp. at 5, perform quasi-judicial

15

and prosecutorial duties, respectively, on behalf of the State Bar, see generally N.C. Gen. Stat. § 84-31 (powers of State Bar counsel); 27 N.C. Admin. Code 1B.0105 (powers and duties of chairperson of Grievance Committee); North Carolina State Bar v. Braswell, 313 S.E.2d 272, 274 (N.C. Ct. App. 1984) (describing duties of chairman of Grievance Committee). As such, they are immune from suit under § 1983. See Imbler v. Pachtman, 424 U.S. 409, 431 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); Bishop v. State Bar of Texas, 791 F.2d 435, 438 (5th Cir. 1986) ("Recognizing the importance of the disciplinary process to the judiciary, courts have afforded broad immunity to members of bar grievance committees and their staff." (citing cases)). Therefore, plaintiff's proposed amendment to assert a § 1983 claim against Fox, Bannon, and Donahue in their individual capacities would be futile.

Because plaintiff's proposed amendment in its entirety would be futile, the motion for leave to amend will be denied.

### III. CONCLUSION

For the reasons stated above, plaintiff's motion to remand is ALLOWED, plaintiff's motion to amend is DENIED, and defendants' motions to dismiss as to the § 1983 claim are ALLOWED. Defendants' motion to continue the Rule 26(f) conference is DENIED as moot. Pursuant to 28 U.S.C. § 1367(c)(3), the court declines to exercise supplemental jurisdiction over the state law claims and this case is REMANDED to Wake County Superior Court. The Clerk is

DIRECTED to serve a copy of this order on the Clerk of that court.

This 26 July 2010.

                              _____
                              W. Earl Britt
                              Senior U.S. District Judge